FILED
JUN 04 2012

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ORVILLE WILLIAM SCHULTZ, | CIV. 11-4126 |
| Petitioner, | |
| -vs- | ORDER |
| DOUGLAS WEBER and MARTY JACKLEY, | |
| Respondents. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner (Schultz) has filed a *pro se* Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. He has been granted *in forma pauperis* status. The Respondents have filed a Brief in Response to Schultz's Petition. Additionally, the Court has been provided with the records from the state court proceedings, including the underlying criminal trial, the direct appeal, and Schultz's state habeas corpus claim. Petitioner has filed a Reply to the Respondent's Brief. Pending are: Petitioner's Motion to Amend/Correct (Doc. 18) and Petitioner's Motions to Appoint Counsel (Docs. 12 and 19).

## DISCUSSION

1.  **Motion to Amend/Correct (Doc. 18)**

In his § 2254 Petition, Schultz lists as his First Ground for Relief "Double Jeopardy." A review of Shultz's state habeas materials reveals that in his state habeas proceedings, Schultz alleged his constitutional rights were violated by a duplicitous indictment. *See* Petition (Doc. 1) attachment 3. Schultz moves to amend the First Ground for Relief of his § 2254 Petition to read "Multiplicity and Double Jeopardy." The Motion to Amend/Correct (Doc. 18) will be **GRANTED.**

2.  **Motions for Appointment of Counsel (Docs. 12 and 19)**

Next, Schultz requests appointment of counsel. Schultz requests a public defender or alternatively, that his state habeas attorney be re-appointed to represent him in these § 2254 proceedings. "There is no recognized constitutional right under the Sixth Amendment for the appointment of counsel in habeas corpus cases." *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir.

1994). Because a habeas action is civil in nature, the Sixth Amendment right to counsel applicable in criminal proceedings does not apply. *Id.*

The statutory basis for the appointment of counsel in a habeas case is found at 18 U.S.C. § 3006A(a)(2)(B) and Rules 6(a) & 8( c), Rules Governing Section 2254 Cases in United States District Courts, 28 U.S.C. foll. § 2254. Those statutes provide in relevant part:

> **18 U.S.C. § 3006A(a)(2)(B):**
>
> (2)   Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who–
> \*\*
> (B) is seeking relief under section 2241, 2254, or 2255 of title 28
>
> **Rule 6(a):**
> If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.
>
> **Rule 8( c):**
> If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A. . . . These rules do not limit the appointment of counsel under § 3006A at any stage of the proceeding.

The appointment of counsel in a habeas case is discretionary when no evidentiary hearing is necessary. *Hoggard*, 29 F.3d at 471 (citations omitted). In this case, no evidentiary hearing is necessary, because the claims Petitioner makes here are substantially the same he made at the state court level, where an evidentiary hearing was held. Transcripts have been provided to the Court from those proceedings.

"In exercising its discretion, the district court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors." *Id.* Most importantly, "where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel."

2

Schultz's claims are straight forward and have been thoroughly argued by counsel at the state court level. Schultz has demonstrated his ability to present them in his pro se petition. For these reasons, Schultz's Motions for Appointment of Counsel (Docs. 12 and 19) are DENIED.

## CONCLUSION and ORDER

THEREFORE, IT IS ORDERED:

(1)   Petitioner's Motion to Amend/Correct (Doc. 18) is GRANTED;

(2)   Petitioner's Motions for Appointment of Counsel (Docs. 12 and 19) are DENIED.

Dated this \_4\_ day of June, 2012.

BY THE COURT:

John E. Simko
United States Magistrate Judge

3