UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| ORVILLE WILLIAM SCHULTZ, | ) | Civ. 11-4126-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER DENYING PETITION FOR |
| DOUGLAS WEBER, Warden, South Dakota State Penitentiary, and MARTY JACKLEY, Attorney General of the State of South Dakota, | ) ) ) ) | WRIT OF HABEAS CORPUS |
| | ) | |
| Respondents. | ) | |

Petitioner, Orville William Schultz, filed a pro se petition for relief under 28 U.S.C. § 2254 on September 1, 2011. Dockets 1, 8, 24. The court referred the petition to United States Magistrate Judge John E. Simko pursuant to 28 U.S.C. § 636(b)(1)(B) for the purposes of conducting any necessary hearings and issuing a report and recommendation for the disposition of Schultz's § 2254 petition. On April 23, 2013, Magistrate Judge Simko issued a report and recommendation for the disposition of Schultz's § 2254 petition, as well as his motion to amend the petition and motion for evidentiary hearing. Docket 34. Schultz filed timely objections to the report and recommendation on May 3, 2013. Docket 35. For the reasons set forth herein, Magistrate Judge Simko's report and recommendation is adopted in its entirety.

**DISCUSSION**

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. Pursuant to 28 U.S.C. § 636(b)(1), the court reviews de novo any objections that are timely made and specific. *See* Fed. R. Civ. P. 72(b) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

In the instant case, Schultz's objections are less than clear. In addition to raising several new claims, Schultz appears to specifically object to Magistrate Judge Simko's finding that Schultz's proposed amendments are procedurally defaulted and untimely. Dockets 34, 35. Schultz also appears to object to the finding that Schultz (1) failed to establish an ineffective assistance of counsel claim, and (2) failed to establish actual innocence. *Id.* Schultz does not present additional evidence to refute the magistrate judge's findings, but merely asserts that (1) he received ineffective assistance of counsel, and (2) he is innocent of the crimes for which he was convicted. The court has reviewed de novo the issues raised by Schultz's objections.

As the magistrate judge noted, federal courts are constrained by the Anti-Terrorism and Effective Death Penalty Act (AEDPA) in their review of state court decisions. More specifically, federal courts are only permitted to exercise a "limited and deferential review of underlying state court decisions." *Osborn v.*

2

*Purkett*, 411 F.3d 911, 914 (8th Cir. 2005). A federal court may not grant a writ of habeas corpus unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" clearly established federal law if it "applies a rule that contradicts the governing law set forth in Supreme Court cases or if it confronts a set of facts that are materially indistinguishable from a decision of the Court and nevertheless arrives at a result different from the Court's precedent." *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). Notably, a federal habeas court may not issue a writ of habeas corpus unless it finds that the state court applied the clearly established federal law in an unreasonable manner. *Id.*

I.  **The Court Adopts the Magistrate Judge's Finding that Schultz's Proposed Amendments Are Procedurally Defaulted and Untimely.**

Schultz objects to the magistrate judge's recommendation that Schultz not be given an opportunity to amend his habeas petition to add claims that were not raised in state court proceedings.[1] Under South Dakota law, a habeas petitioner must raise all possible grounds for relief in his initial state habeas

---

[1] More specifically, Schultz wanted to amend his § 2254 petition to argue that the criminal charges against him should be dismissed because his *Miranda* rights were violated, because the state violated the 180-day rule, and because the prosecutor withheld exculpatory evidence by presenting Dr. Mailloux's testimony. Schultz, however, did not raise these claims on direct appeal or during the state habeas proceedings.

3

petition. SDCL 21-27-16.1. "Any ground not raised . . . may not be the basis for a subsequent application." *Id.* In other words, if a habeas petitioner fails to raise a claim on either direct appeal or in a state habeas petition, such claim is barred under state procedural rules. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "This procedural bar 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim,' " *Welch v. Lund*, 616 F.3d 756, 760 (8th Cir. 2010) (citation omitted), "unless the prisoner can demonstrate cause for default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice," *Coleman*, 501 U.S. at 750.

To demonstrate cause for procedural default, a petitioner must show that something external to the petitioner—"something that cannot fairly be attributed to him"—impeded his ability to comply with procedural rules. *Id.* at 753. To demonstrate a fundamental miscarriage of justice, a habeas petitioner must go beyond merely asserting that he is innocent. *See Burton v. Dormire*, 295 F.3d 839, 848 (8th Cir. 2002) (noting that courts have "squarely rejected the notion that a prisoner may receive a writ simply because he claims he is innocent."). Instead, "a habeas petitioner must present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Oglesby v. Bowersox*, 592 F.3d 922, 926 (8th Cir. 2010) (citation

omitted); *see also McCoy v. Norris*, 125 F.3d 1186, 1190 (8th Cir. 1997) (noting that the new evidence must also be reliable).

In the instant case, Schultz did not raise a *Miranda* claim, a 180-day-rule claim, or a claim related to the prosecution's exculpatory testimony during his state habeas proceeding. Furthermore, Schultz has not demonstrated cause for default or that a failure to consider these claims would result in a fundamental miscarriage of justice.[2] The court therefore adopts Magistrate Judge Simko's finding that Schultz's proposed amendments are procedurally defaulted.

Nonetheless, even if Schultz had demonstrated cause for default or that a failure to consider his claim would result in a miscarriage of justice,

---

[2] In his objections to the report and recommendation, Schultz makes the following argument: "[B]y a preponderance of evidence supported by trial record that no crime is evident cannot now be labelled [sic] 'new claims' are unfounded because said claim was established by the prosecution thus opening the door to claim for further review if not dismissal for lack thereof." Docket 35 at 2. To the extent that Schultz offers this explanation to demonstrate cause for default or to assert that a failure to consider his claim would result in a miscarriage of justice, the court rejects such argument. The court's review of the record reveals no such instance, and the court is unfamiliar with any case law that supports the proposition that a claim can be raised for the first time in a federal habeas petition so long as the prosecution "opened the door for further review." Furthermore, even if the prosecution had established "that no crime [was] evident" during trial, Schultz would have had this information at the time he filed his state habeas petition and should have included the claim in that initial petition. But again, the court reviewed the entire trial transcript and found no such instance. Although the prosecution concedes that there was no physical evidence of rape, the prosecution maintained that Schultz committed second-degree rape, and the jury found him guilty of the same.

Schultz's proposed amendments are untimely. Under the AEDPA, a one-year period of limitation applies to a federal habeas petition challenging a state court's judgment of conviction. 28 U.S.C. § 2244(d). For purposes of the statute, a judgment becomes final at either "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Significantly, the applicable statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment is pending." 28 U.S.C. § 2244(d)(2). As the magistrate judge indicated in the instant case, "[t]he statute of limitations for any further claims expired . . . 91 days from September 1, 2011, or on November 30, 2011." Docket 34 at 17. Because Schultz's proposed amendments were filed after the applicable statute of limitations had expired—Schultz filed proposed amendments on November 23, 2012, and March 8, 2013—the court finds that the proposed amendments are untimely.

To overcome the statute of limitations, Schultz "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). As noted by the Eighth Circuit, the equitable tolling doctrine affords a petitioner an "exceedingly narrow window of relief," *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001), such that "pro se status, lack of legal

knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (citations omitted). In fact, the Eighth Circuit has found that not even a claim of actual innocence could justify equitable tolling. *Flanders v. Graves*, 299 F.3d 974, 976–77 (8th Cir. 2002). Because Schultz has not established that he is entitled to equitable tolling, the court adopts Magistrate Judge Simko's finding that Schultz's proposed amendments are untimely. Accordingly, the court denies Schultz the opportunity to file an amended habeas petition.

## II. The Court Denies All New Claims Raised in Schultz's Objections to the Report and Recommendation.

In addition to objecting to the magistrate judge's finding that Schultz could not amend his petition to add new claims, Schultz asserts additional new claims, including claims that the state court usurped judicial power and that various parties violated Schultz's due process rights. Docket 35. It is well established, however, that a claimant may not " 'make arguments in his objections to a magistrate judge's report and recommendation when those arguments have been neither argued to the magistrate judge nor addressed in the judge's report adopted by the district court.' " *Hylla v. Transp. Commc'ns Int'l Union*, 536 F.3d 911, 921 (8th Cir. 2008) (quoting *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000)). "A contrary rule 'would allow a claimant to

raise new claims to the district court and thus effectively have two opportunities for judicial review.' " *Id.* at 922 (quoting *Roberts*, 222 F.3d at 470). Accordingly, the court will only address those portions of Schultz's objections that specifically refer to the magistrate judge's report and recommendation. The court denies all new claims.

### III. The Court Adopts the Magistrate Judge's Finding that Schultz Has Failed to Establish A Claim for Ineffective Assistance of Counsel.

Schultz objects to the magistrate judge's finding that Schultz failed to establish a claim for ineffective assistance of counsel. To establish ineffective assistance of counsel, petitioner must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance is demonstrated by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* To establish that such performance prejudiced the defense, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. As Magistrate Judge Simko indicated, federal review of ineffective assistance claims in § 2254 petitions is "twice deferential: we apply a highly deferential review to the state court decision; the state court, in turn, is highly deferential to the judgments of trial counsel." *Nooner v. Norris*, 402 F.3d 801, 808 (8th Cir. 2005).

Magistrate Judge Simko reviewed Schultz's eleven ineffective assistance claims and found that Schultz not only failed to establish that counsel's alleged deficient performance was prejudicial, but that Schultz did not demonstrate that the state court unreasonably applied clearly established federal law when it determined that Schultz's trial counsel was not ineffective. Docket 34 at 20–29. To refute Magistrate Judge Simko's findings with regard to his trial counsel, Schultz provides the following information to demonstrate ineffective assistance of counsel: (1) trial counsel was reluctant "to prosecute when evidence were non-existent;" (2) trial counsel denied "assistance of the entire process;" (3) trial counsel "failed miserable in objecting in fact were silent;" (4) trial counsel cooperated "with court as to deprive [Schultz] of a substantive right;" and (5) trial counsel "was allowed one question and that was 'is your attorney present' thereby implicating ineffectiveness of counsel." Docket 35 at 4–5. Additionally, in the documents attached to Schultz's objections, Schultz reasserts that trial counsel was ineffective in his failure to object when the "Deputy States Attorney proclaimed openly in court that in fact, 'no crime of rape had occurred.'" Docket 35-1 at 5.

Beyond mere assertions, Schultz does not provide the court with any evidence of trial counsel's alleged shortcomings, nor does he specifically explain the occasions on which trial counsel was reluctant to prosecute, failed to make objections, or improperly cooperated with the court. Moreover, this

9

court has reviewed the transcripts and could not find evidence that trial counsel failed to object when the deputy state's attorney proclaimed Schultz's innocence. In fact, the court could not find evidence that the deputy state's attorney ever made such a proclamation.[3] Because Schultz has not demonstrated that the state court's decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1), this court adopts Magistrate Judge Simko's recommendation with regard to Schultz's first claim for relief and thus denies Schultz's ineffective assistance claim.

### IV. The Court Adopts the Magistrate Judge's Finding that Schultz Has Failed to Establish Actual Innocence.

Schultz objects to the magistrate judge's finding that Schultz failed to establish actual innocence. "The existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." *Townsend v. Sain*, 372 U.S. 293, 317 (1963). As noted in the magistrate judge's report and recommendation,

---

[3] During the state habeas proceedings, Schultz testified that he was unable to hear any aspect of his trial due to an ear condition. Schultz also testified that, although he was provided with a transcript of the trial, he had not reviewed such transcript at the time of his state habeas proceeding. It therefore appears that the claim related to alleged statements made by the deputy state's attorney is raised for the first time in Schultz's federal habeas petition. *See* Docket 1 at 6. To that end, the court reiterates that any ground not raised in an initial state habeas petition may not be the basis for a subsequent application. *See* SDCL 21-27-16.1; *Coleman*, 501 U.S. at 750.

> The Supreme Court has not decided whether a persuasive demonstration of actual innocence after trial would render unconstitutional a conviction and sentence that is otherwise free of constitutional error. The Court has established, however, that the threshold for any such claim, if it were recognized, would be 'extraordinarily high.' The threshold, if it exists, would require 'more convincing proof' than the 'gateway' standard that allows for consideration of otherwise defaulted constitutional claims upon a showing of actual innocence. Thus, on a freestanding claim of actual innocence, it is not sufficient that a petitioner shows even that it is 'more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.' The 'extraordinarily high' threshold, if recognized, would be even higher.

*Dansby v. Norris*, 682 F.3d 711, 716 (8th Cir. 2012) (citations omitted).

Magistrate Judge Simko reviewed the evidence provided by Schultz to prove his actual innocence, including a letter purportedly written by the victim, L.S., in which she recants her allegations, and various other letters that speak to the credibility of the victim, L.S., and her father, Terry Schultz. Many of the letters submitted by Schultz were neither notarized nor signed under penalty of perjury; and those that were notarized were not signed under penalty of perjury. The magistrate judge concluded that the victim's letter was not evidence of Schultz's innocence, especially in light of the fact that (1) the victim did not appear at Schultz's state habeas trial, voluntarily or otherwise, to testify in accordance with the purported recantation letter, and (2) the state court rejected the letter as hearsay. With regard to the other letters submitted by Schultz, the magistrate judge found that such letters were " 'latter-day impeachment evidence' pertaining to the veracity of either the victim (LS) or

her father, Terry Schultz," and failed to meet "the extremely high threshold which would render [Schultz's] state court conviction unconstitutional." Docket 34 at 34–35; *see Dansby v. Norris*, 682 F.3d 711, 716 (8th Cir. 2012) ("Latter-day impeachment evidence . . . 'will seldom, if ever' make a clear and convincing case that no reasonable jury could believe the core of the witnesses's account." (quoting *Sawyer v. Whitley*, 505 U.S. 333, 349 (1992)).

To refute the magistrate judge's finding with regard to actual innocence, Schultz offered the following information: (1) "[e]xpert witness allowed to testify after his medical findings found no claim of rape;" (2) "[t]hat notarized letter of victim ruled hearsay even though court was aware that no crime had occurred;" and (3) "[t]hat notarized letter was in fact binding upon the court where victim 'recantation' established that she was not raped alleged supported by Deputy States Attorney and Attorney General's confirmation to that affect [sic]." Docket 35 at 4–5. Schultz's mere conclusory statements do not meet the extraordinarily high threshold for establishing actual innocence, nor do they demonstrate that the state court's decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). The court therefore adopts the magistrate judge's recommendation with regard to Schultz's fifth claim for relief and thus denies Schultz's actual innocence claim. Accordingly, it is

12

ORDERED that the report and recommendation of Magistrate Judge Simko (Docket 34) is adopted in its entirety. The court rejects Schultz's objections to Magistrate Judge Simko's report and recommendation (Docket 35) and denies Schultz's § 2254 application for relief (Dockets 1, 8, 24). Additionally, the court denies Schultz's motion for an evidentiary hearing (Docket 31) and motion to amend pleadings (Docket 33).

IT IS FURTHER ORDERED that no Certificate of Appealability be issued.

IT IS FURTHER ORDERED that respondent's request to dismiss the petition without an evidentiary hearing (Docket 16) is granted.

Dated August 19, 2013.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE